UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
EMMANUEL AUGUSTIN, as Legal Guardian of
MARIE ODETTE ORIENTAL, an Incapacitated
Person,

                                Plaintiff,                    **COMPLAINT AND**
                                                                       **JURY TRIAL DEMAND**
      -against-

AMERICAN AIRLINES, INC.

                                Defendant.
-------------------------------------------------------------------x

        Plaintiff, EMMANUEL AUGUSTIN, as Legal Guardian of MARIE ODETTE ORIENTAL, an Incapacitated Person, by his attorneys, CELLINO & BARNES, as and for his Complaint against Defendant, AMERICAN AIRLINES, INC., alleges the following upon information and belief:

        1.        The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (hereinafter known as "the Montreal Convention").

        2.        Venue is proper in this district pursuant to 28 U.S.C. Sec. 1391, insofar as the incident giving rise to the litigation herein occurred within the Eastern District of New York at John F. Kennedy International Airport in Queens, New York.

        3.        At all times herein relevant, Plaintiff, EMMANUEL AUGUSTIN, was, and remains, a resident of the County of Howard, State of Maryland, was above 18 years of age, was the natural-born son of MARIE ODETTE ORIENTAL, and was otherwise sui juris.

        4.        At all times herein relevant, MARIE ODETTE ORIENTAL was, and remains, a

resident of the County of Queens, State of New York.

5. On March 13, 2016, MARIE ODETTE ORIENTAL became physically and mentally incapacitated as the result of a massive stroke.

6. Since March 13, 2016, MARIE ODETTE ORIENTAL has been unable to manage the activities of daily living. She cannot speak or write, is wheelchair bound, and has diminished mental capacity.

7. On June 12, 2017, Plaintiff, EMMANUEL AUGUSTIN, was appointed by the Supreme Court of the State of New York, County of Queens, as the Legal Guardian of his mother, MARIE ODETTE ORIENTAL. The Court's Order was entered on June 12, 2017.

8. Plaintiff's Designation and Consent was filed on July 20, 2017. On July 21, 2017, the Queens County Clerk formally granted, gave, and committed the legal guardianship of MARIE ODETTE ORIENTAL to Plaintiff, EMMANUEL AUGUSTIN.

9. Pursuant to the Court's Order, Plaintiff, EMMANUEL AUSTIN, was granted Property Management Powers and Personal Needs Powers over MARIE ODETTE ORIENTAL.

10. The Property Management Powers granted to Plaintiff, EMMANUEL AUGUSTIN, permit Plaintiff to prosecute, defend, settle, and maintain any cause of action, arbitration or civil proceeding on behalf of MARIE ODETTE ORIENTAL.

11. At all times herein relevant, Defendant, AMERICAN AIRLINES, INC., has been a foreign corporation authorized to do business in the State of New York, with its principal executive office located at 4333 Amon Carter Boulevard, Fort Worth, Texas 76155.

12. At all times herein relevant, Defendant, AMERICAN AIRLINES, INC., has been a common carrier engaged in the business of transporting passengers for hire by air.

13. At all times herein relevant, Defendant, AMERICAN AIRLINES, INC., has employed a flight crew responsible for the safe and secure operation of its flights.

14. At all times herein relevant, Defendant, AMERICAN AIRLINES, INC., has employed a flight crew responsible for the safety and well-being of its passengers during the boarding process of its flights.

15. On March 13, 2016, Defendant, AMERICAN AIRLINES, INC., operated and controlled a certain aircraft designated as American Airlines Flight 1215 from John F. Kennedy International Airport in Queens, New York (JFK) to Toussaint Louverture International Airport in Port-au-Prince, Haiti (PAP) (hereinafter known as "the subject flight").

16. On March 13, 2016, the boarding process for the subject flight was conducted, operated, staffed, and/or otherwise controlled by Defendant, AMERICAN AIRLINES, INC., through its employees, agents and/or servants.

17. On March 13, 2016, Defendant, AMERICAN AIRLINES, INC., was responsible for the training, management, supervision, and/or control of its employees, agents and/or servants, including but not limited to their adherence to standard safety practices, policies and protocol.

18. On March 13, 2016, MARIE ODETTE ORIENTAL was a fare-paying passenger ticketed to travel aboard the subject flight.

19. On March 13, 2016, while in the process of boarding the subject flight, MARIE ODETTE ORIENTAL became physically and mentally agitated as the result of a medical event.

20. Upon information and belief, Defendant's employees, agents and/or servants were notified by multiple passengers that MARIE ODETTE ORIENTAL appeared to be in an agitated, distressed state.

21. Upon information and belief, an employee, agent and/or servant of Defendant contacted Plaintiff, EMMANUEL AUGUSTIN, by telephone and informed him that his mother, MARIE ODETTE ORIENTAL, had been deemed "unstable" and needed to be picked up from the airport.

22. Nine minutes later, upon information and belief, Defendant's employee, agent and/or servant again contacted Plaintiff, EMMANUEL AUGUSTIN, and reiterated that MARIE ODETTE ORIENTAL was "unstable" and needed to be picked up from the airport.

23. Thereafter, upon information and belief, Defendant's employees, agents and/or servants, in contravention of standard airline policies, practices and procedures, allowed MARIE ODETTE ORIENTAL to wander away from the boarding gate area unassisted, despite the fact that she was visibly agitated, unstable and in great distress.

24. In a state of great agitation, distress and confusion, MARIE ODETTE ORIENTAL wandered away from the boarding gate area, out of the terminal building, and into oncoming traffic. She was finally delivered from danger by police officers and paramedics, who found her to be in the midst of a massive stroke.

25. As a direct and proximate result of the failure of Defendant's employees, agents and/or servants to provide MARIE ODETTE ORIENTAL with prompt and proper care and attention when she was visibly agitated, unstable and in great distress, MARIE ODETTE ORIENTAL was caused to sustain serious and permanent personal injuries.

26. Defendant's failure to provide MARIE ODETTE ORIENTAL with prompt and proper care and attention when she was visibly agitated, unstable and in great distress constitutes an "accident" pursuant to Article 17 of the Montreal Convention, insofar as her injuries were caused by an unexpected or unusual event or occurrence external to her, and not as the result of

an internal reaction to the usual, normal and expected operation of the aircraft.

27. As a direct and proximate result of the aforesaid accident, MARIE ODETTE ORIENTAL was caused to become injured.

28. As a direct and proximate result of the aforesaid accident, MARIE ODETTE ORIENTAL was caused to become seriously injured.

29. As a direct and proximate result of the aforesaid accident, MARIE ODETTE ORIENTAL was caused to become permanently injured.

30. As a direct and proximate result of the aforesaid accident, MARIE ODETTE ORIENTAL was caused to suffer great pain, agony and mental anguish.

31. As a direct and proximate result of the aforesaid accident, Plaintiff, EMMANUEL AUGUSTIN, was caused to suffer great economic loss and in the future shall continue to suffer great economic loss on behalf of MARIE ODETTE ORIENTAL.

32. As a direct and proximate result of the aforesaid accident, Plaintiff, EMMANUEL AUGUSTIN, was forced to expend great sums of money on medical treatment and in the future shall continue to expend great sums of money on medical treatment on behalf of MARIE ODETTE ORIENTAL

33. As a direct and proximate result of the aforesaid accident, Plaintiff, EMMANUEL AUGUSTIN, as Legal Guardian of MARIE ODETTE ORIENTAL, is entitled to compensation for past and future lost earnings, past and future lost accumulations, and past and future medical expenses.

34. As a direct and proximate result of the aforesaid accident, Plaintiff, EMMANUEL AUGUSTIN, as Legal Guardian of MARIE ODETTE ORIENTAL, is entitled to compensation for past and future loss of services, comfort, society, companionship, and moral support.

35. Defendant, AMERICAN AIRLINES, INC., cannot meet its burden of proving that its negligence did not cause or contribute to the aforesaid accident and injuries sustained by MARIE ODETTE ORIENTAL.

36. Defendant, AMERICAN AIRLINES, INC., cannot meet its burden of proving that the injuries sustained by MARIE ODETTE ORIENTAL were caused solely by the acts of third parties.

37. As a result of the foregoing, Defendant is liable to pay full, fair and reasonable damages to Plaintiff pursuant to the Montreal Convention, which Defendant incorporated into its conditions of carriage prior to the date of the accident herein.

**WHEREFORE**, Plaintiff, EMMANUEL AUGUSTIN, as Legal Guardian of MARIE ODETTE ORIENTAL, an Incapacitated Person, hereby demands judgment against Defendant, AMERICAN AIRLINES, INC., in an amount to be determined at trial, together with interest, costs and disbursements of this action.

## JURY DEMAND

Plaintiff demands a jury of eight (8) persons for all claims stated.

Dated: New York, New York
October 5, 2017

CELLINO & BARNES, PC

Erin R. Applebaum (EA9785)
*Attorneys for Plaintiff*
420 Lexington Avenue, Suite 2140
New York, NY 10170
Tel. (212) 804-7400